# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARY A. ROBINSON,**
       **Plaintiff,**

   v.                                                               Case No. 09C0148

**MISCELLANEOUS,**
       **Defendants.**

---

## DECISION AND ORDER

Plaintiff Mary A. Robinson, proceeding pro se, has filed this action against approximately 250 defendants, alleging that each defendant injured her in some way. The defendants range from funeral homes, cell phone companies, grocery stores and restaurants to banks, car dealers and repair companies, hotels, attorneys, various government officials and agencies, credit reporting agencies, and other businesses. The "complaint" in this case consists of two boxes of documents and several loose filings, and alleges a variety of misdeeds attributed to the various defendants, most of which appear unrelated. For example, she has filed a claim against her sister's neighbors for damaging her car; she has included a claim against Kahiki Foods, Inc., because she found a bone in her food; and she is suing different attorneys and law firms because they declined to represent her in other legal matters.

Plaintiff initially attempted to file 224 individual complaints in the district court for the Eastern Division of the Northern District of Illinois. However, the Executive Committee for the Northern District denied her leave to file those complaints and set restrictions on plaintiff's ability to file civil cases in that district that require plaintiff to seek leave from the

executive committee to file any civil action. In response to these limitations, plaintiff instead filed the original complaints and supporting documents, plus additional complaints and documents, here in the Eastern District of Wisconsin. She requested that all documents be filed together and assigned a single case number. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. See West v. Macht, 986 F.Supp. 1141 (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit in its totality, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff indicates that she has no income, has very little in the way of assets, and has been unemployed for some time now. Thus, I will permit plaintiff to proceed without payment of fees.

2

I turn now to plaintiff's complaint. A district court may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). After screening plaintiff's complaint, I conclude that it is deficient and must be dismissed for several reasons.

First, although the complaint is largely unintelligible, plaintiff may be asserting a conspiracy claim against all the defendants. In the letter accompanying the complaint, plaintiff asserts that the defendants are acting as though there is "some sort of contract, like there [sic] being told to do what there [sic] doing, like a game . . . ." (Compl., Dkt. # 1, at 11.) If this is an attempt to state a conspiracy claim, it fails. The Supreme Court has clarified that allegations of conspiracy must provide "plausible grounds to infer an agreement" such that it raises a "reasonable expectation that discovery will reveal evidence of illegal agreement." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Although plaintiff asserts that there is some kind of contract or agreement between defendants, her allegations do not raise a plausible inference of conspiracy. Plaintiff asserts an irrational motive, namely, keeping her from "having anything," (Compl. at 24.), and connects clearly unrelated events and entities into a single conspiracy. Plaintiff's conspiracy allegations suggesting that defendants such as the ACLU, Sprint, Equifax, the Pfister Hotel, Walgreen's, Firestone, George Webb, the FBI, and the NAACP (to name a few) are conspiring against her are so inconceivable and delusional that they not only fail to state a claim under Twombly, but they are also factually frivolous. See Denton v. Hernandez, 504 U.S. 25, 32 (1992); Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002). As such, I will dismiss plaintiff's conspiracy claims against all defendants with

3

prejudice. See id. at 774.

Having ruled out a conspiracy claim, I will look at the claims against each defendant individually. Again, the complaint as a series of separate claims against different defendants is also deficient in several respects. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47). The complaint in the present case is certainly not a short and plain statement of the claims, but rather more than two boxes of documents pertaining to hundreds of different events in plaintiff's life. Moreover, some of these documents include factual descriptions by plaintiff that are rambling and incomprehensible, and some of them contain nothing in the way of allegations except for references to other documents. Thus, even if a single defendant could wade through all the documents and find those relating to its own alleged conduct, it would still be difficult to discern exactly what is being alleged in most instances. The complaint is sprawling and confusing, and it fails to give the defendants notice of the claims and the grounds upon which those claims rest. "A district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice, thus barring the filing of an amended complaint." Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 750 (7th Cir. 2005) (internal citations omitted). Although a confusing pleading is not ordinarily a fatal defect, "it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." Id. (citing United States ex rel. Garst v. Lockheed-Martin Corp., 328

4

F.3d 374, 376, 378-79 (7th Cir. 2003); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437 (8th Cir. 1983) (per curiam)).  Accordingly, the plaintiff's complaint will be dismissed without prejudice for this reason alone.

However, this is not the only deficiency plaintiff must cure.  Additionally, the complaint seems to contain some claims that are not within this court's jurisdiction. Federal courts are courts of limited subject matter jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994).  A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-89 (1936); see also, Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996).  The presence of federal question jurisdiction is determined by the plaintiff's complaint.  A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law", in that "federal law is a necessary element of one of the well-pleaded . . . claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988) (citations omitted).  In addition to federal question jurisdiction, a federal court has subject matter jurisdiction over cases in which there is diversity of citizenship of the parties (that is, the plaintiff is a citizen of a different state than defendants) and the amount in controversy is greater than $ 75,000. See 28 U.S.C. § 1332.

In the present case, it appears that many, if not most, of the events alleged by

5

plaintiff do not implicate this court's jurisdiction.[1] As an example, the claim involving the allegations that plaintiff's sister's neighbors damaged her car has no business being in federal court, as it does not arise under any federal law, nor does it satisfy the requirements for diversity jurisdiction. As another example, to the extent plaintiff may be suing different attorneys and law firms for malpractice, these claims are questions of state law that do not implicate federal jurisdiction unless the diversity requirements are met. Thus, plaintiff should consider the issue of jurisdiction when determining what claim(s) to file in this case and clearly set forth in the amended complaint the basis for subject matter jurisdiction.

Another deficiency in the complaint relates to the rules governing joinder of parties and claims in a single case. Plaintiff has attempted to join a multitude of different claims against a multitude of different defendants in a single action. However, the Federal Rules of Civil Procedure place limits on the ability of a plaintiff to join different claims and defendants into one action. Specifically, Fed. R. Civ. P. 20(a)(2) provides that persons may be joined in one action as defendants <u>only</u> if A) a right to relief is asserted against them jointly, severally, or in the alternative, and that right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, <u>and</u> B) a question of law or fact common to all defendants will arise in the action. Thus, Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605,

---

[1] On each civil cover sheet, in the "Basis of Jurisdiction" category, plaintiff has checked the "U.S. Government – Plaintiff" box, indicating that the basis for subject matter jurisdiction exists because the U.S. Government is the plaintiff. However, clearly this is not a true statement.

607 (7th Cir. 2007) ("A buckshot complaint . . . - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected. . . .").

The complaint in this case does not comply with the rules governing joinder. As one example, the claim against the plaintiff's sister's neighbors for damaging plaintiff's car is completely unrelated to the claim against Kahiki Foods for the bone in plaintiff's food. Thus, plaintiff should be aware that if she wishes to bring unrelated claims against different defendants, she must do so in separate cases.

Accordingly, in light of the foregoing, the plaintiff's complaint will be dismissed without prejudice. Plaintiff may file an amended complaint in accordance with this decision on or before **July 2, 2009**, which I will then screen. If plaintiff does not file an amended complaint by July 2, 2009, I will enter judgment dismissing her case without prejudice.

As an additional matter, I note that plaintiff has a large number of attachments included as part of the complaint. She has asked the court to make copies for her; however, the court does not typically furnish copies to litigants, even those proceeding in forma pauperis. See e.g., In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) ("Although the plaintiff was granted leave to proceed in the district court as a pauper, that status waives only prepayment of fees and costs and security. . . . It does not give the litigant a right to have documents copied and returned to him at government expense."). Thus, I will deny plaintiff's request. The Clerk of Court has advised me that currently his office charges $0.50 per page for photocopies.

Plaintiff has also filed a motion seeking the court's permission to file all of her

pleadings and other papers by fax machine. However, this court generally does not accept filings by fax. Given plaintiff's voluminous filings to date, I decline to make an exception to the policy in this case. Plaintiff is advised she may file documents with the court in person or by mail.

**Therefore**,

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for copies is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to file by fax is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's conspiracy claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the remainder of plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 2, 2009**, to file an amended complaint in accordance with this decision, if she so chooses.

Dated at Milwaukee, Wisconsin this 11 day of June, 2009.

/s
LYNN ADELMAN
District Judge