# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY A. ROBINSON,
        Plaintiff,

  v.                                Case No. 09C0148

MISCELLANEOUS,
        Defendants.

## DECISION AND ORDER

Plaintiff Mary A. Robinson, proceeding pro se, has filed this action against approximately 250 defendants, alleging that each defendant injured her in some way. The "complaint" in this case consists of two boxes of documents and several loose filings, and alleges a variety of misdeeds attributed to the various defendants, most of which appear unrelated. I previously dismissed her conspiracy claims and dismissed the complaint without prejudice so that she could re-plead and cure defects concerning Federal Rule of Civil Procedure 8(a)(2), jurisdiction, and joinder. Plaintiff then wrote a letter attempting to explain, among other things, the proper order to read the documents so that they would make sense. Plaintiff then wrote a series of letters complaining of other various dealings, such as selling jewelry at a pawn shop, fighting with her sister, using the bathroom at a Chinese restaurant, minutes on a AT&T calling card, etc., apparently in an attempt to add more defendants to the suit.

Even generously construing these letters as attempts to amend the complaint, it is clear that plaintiff has failed to remedy the defects earlier identified. I conclude that the complaint is deficient and must be dismissed for several reasons. First, the complaint is

largely unintelligible and fails to satisfy the liberal pleading standard under Federal Rule of Civil Procedure 8(a). Although a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2), it must still "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47). The boxes of documents and seemingly random letters do not allow defendants to ascertain what plaintiff's claim is or what facts it rests upon. The complaint is simply too confusing to be allowed to proceed. Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 750 (7th Cir. 2005) (confusing pleadings are not ordinarily a fatal defect, but "can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint").

Second, the complaint fails to properly invoke federal jurisdiction. Plaintiff has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182-89 (1936). Federal courts are courts of limited subject matter jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994). Among the multitude of claims identified in the complaint, many, if not most, do not implicate this court's jurisdiction. For example, the claim involving the allegations that plaintiff's sister's neighbors damaged her car has no business being in federal court, as it does not arise under any federal law nor satisfy the requirements for diversity jurisdiction. See 28 U.S.C. § 1332 (diversity of citizenship of the parties, plaintiff being a citizen of a different state than defendants, and the amount in controversy greater than $ 75,000).

Third, the claims have been improperly joined. Fed. R. Civ. P. 20(a)(2) provides that persons may be joined in one action as defendants <u>only</u> if A) a right to relief is asserted against them jointly, severally, or in the alternative, and that right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, <u>and</u> B) a question of law or fact common to all defendants will arise in the action. That is clearly not the case here. The defendants have nothing to do with each other and the facts underlying the separate claims are completely separate and distinct from the facts giving rise to the other claims. For example, the claim against the plaintiff's sister's neighbors for damaging plaintiff's car is completely unrelated to the claim against Kahiki Foods for the bone in plaintiff's food. Such a complaint cannot be allowed to proceed. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint . . . - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected. . . .").

The complaint must be dismissed. I will enter judgment dismissing her case without prejudice. Should plaintiff attempt to refile her claims, she should consider issues of jurisdiction and joinder. Instead of lumping hundreds of defendants together, she must file separate complaints that carefully identify her claim against each defendant, the facts giving rise to that claim, the cause of action she sues under, and the basis for subject matter jurisdiction.

**Therefore**,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 18 day of August, 2009.

/s
LYNN ADELMAN
District Judge